# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4041 (99 CR 339) | **DATE** | 7/31/02 |
| **CASE TITLE** | UNITED STATES vs. THOMAS RICHARDSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to vacate, set aside or correct sentence by a person in federal custody [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 01 2002 | 8 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *docketing deputy initials* | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 7/31/02 | |
| | Copy to judge/magistrate judge. | 02 JUL 31 PM 5:05 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in Central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, ) No. 02 c 4041
)
v. ) Suzanne B. Conlon, Judge
)
THOMAS RICHARDSON, )
)
Defendant. )

DOCKETED
AUG 0 1 2002

## MEMORANDUM OPINION AND ORDER

Thomas Richardson ("Richardson") pled guilty to receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). This court sentenced Richardson to 108 months in prison. The Seventh Circuit affirmed. *United States v. Richardson*, 238 F.3d 837 (7th Cir. 2001). The United States Supreme Court thereafter denied Richardson's petition for a writ of *certiorari*. *Richardson v. United States*, 532 U.S. 1057 (2001). Proceeding *pro se*, Richardson now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming he was denied ineffective assistance of counsel (Ground I). Richardson also filed a "supplement" to his original motion, claiming he was denied due process (Ground II), the court lacked jurisdiction (Ground III) and the statute under which he was convicted is unconstitutional (Ground IV).

## DISCUSSION

### I. Timeliness

Section 2255 motions are governed by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the limitations period runs from the latest of four events:

1

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6(1)-(4). Richardson's conviction became final when the United States Supreme Court denied his petition for writ of *certiorari* on May 29, 2001. *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000). Richardson then had until May 29, 2001 to file a motion for collateral relief. *Id.* at 1010 (Section 2255 motion must be filed by "close of business on anniversary date of the certiorari denial"). Therefore, Richardson's motion dated May 28, 2002 is timely. *See Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999)(*pro se* prisoner's § 2255 motion deemed filed upon delivery to prison officials).

Richardson's July 10, 2002 supplement is timely only if it relates back to his original motion. *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002), *citing* Fed. R. Civ. P. 15(c). An amendment relates back to the date of the original pleading where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Amendments that attempt to add a new claim or theory of relief do not relate back to the original pleading. *Rodriguez*, 286 F.3d at 981, *citing United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)(Rule 15(c)(2) only applies to amendments that seek to clarify or amplify existing claims);*United States v. Pittman*, 209 F.3d 314,

2

317 (4th Cir. 2000)(amendment arising out of separate occurrence did not relate back); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)(proposed amendment "distinctly separate" from original claims did not relate back). In his supplement, Richardson seeks to add three new grounds for relief. The conduct underlying his supplemental due process, jurisdictional and constitutional challenges is distinctly separate from the conduct underlying his ineffective assistance of counsel claim. Therefore, Richardson's supplemental claims are time-barred.

## II. Ineffective Assistance of Counsel

In his timely motion, Richardson claims the four lawyers who represented him before this court were ineffective on 29 separate occasions. Nevertheless, Richardson did not raise an ineffective assistance of counsel claim on direct appeal. Ineffective assistance of counsel may be raised for the first time in a § 2255 motion only with a valid reason such as: (1) trial and appellate counsel are the same; or (2) the defendant needed time to develop additional extrinsic evidence to support his ineffective assistance claim. *Guinan v. United States*, 6. F.3d 468, 471-72 (7th Cir. 1993). Richardson, who was represented by different counsel on appeal, does not offer any extrinsic evidence to support his ineffective assistance of counsel claim. Therefore, his claim regarding the ineffectiveness of his trial counsel should have been raised on direct appeal. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996).

### A. Procedural Default

In order to overcome this procedural default, Richardson must show: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) a fundamental miscarriage of justice resulting from the district court's refusal to consider the claims. *Id.* at 1177-78. Richardson claims, without any factual support, that he did not

3

previously present his ineffective assistance of trial counsel claim because of the ineffective assistance of his appellate counsel.

1. **Cause and Prejudice**

In order for an appellate attorney's alleged ineffectiveness to qualify as cause justifying procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding. *Id.* at 1179, *citing Strickland v. Washington*, 466 U.S. 668 (1984). The court may determine whether the defendant has established prejudice before delving into any alleged deficiencies in counsel's performance. *Strickland*, 466 U.S. at 697. To show prejudice, a defendant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Not one of Richardson's 29 contentions regarding his trial counsel's performance would have been successful if raised on direct appeal.

a. **Indictment**

Richardson claims his first lawyer failed to request a speedy trial. Motion, Attachment at 1. Richardson does not indicate how the outcome of his case would have been different but for his first lawyers' inaction. Indeed, the district court is given "great discretion" whether to dismiss the indictment with or without prejudice for a Speedy Trial Act violation. *United States v. Fountain*, 840 F.2d 509, 512 (7th Cir. 1988), *citing* 18 U.S.C. § 3162(a)(1)(among other things, the court should consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice"). Absent any evidence the court would have dismissed the indictment with

4

prejudice after considering these factors, Richardson fails to establish prejudice resulting from the alleged inaction of his first lawyer.

**b.     Guilty Plea**

Richardson next claims the three lawyers who took over his defense committed 21 errors in connection with his guilty plea. Motion, Attachment at 2-5. Specifically, Richardson claims his guilty plea was not knowing and voluntary because his lawyers' failed to properly represent him. To demonstrate his plea was the result of ineffective assistance of counsel, Richardson "must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have pleaded guilty and instead gone to trial." *United States v. Martinez*, 169 F.3d 1049, 1052-53 (7th Cir. 1999). Richardson does not claim, or offer any evidence, he would have gone to trial but for his attorneys' alleged errors. *See McCleese*, 75 F.3d at 1179 (petitioner must establish "through objective evidence" he would not have accepted the plea). Indeed, Richardson pled guilty after the court thoroughly explained the elements of the charges against him and the consequences of pleading guilty. Response at Exhibit C. Based on the plea colloquy, Richardson cannot demonstrate he suffered prejudice as a result of his counsel's alleged deficient performance. *See Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996)(no prejudice results from ineffective counsel where defendant understands the elements of the charge and the consequences of pleading guilty).

**c.     Presentence Investigation**

Richardson next identifies two purported errors committed by his lawyers in connection with the presentence investigation. Motion, Attachment at 7. In both instances, he fails to identify any prejudice resulting from his lawyers' alleged professional errors. First, he cannot establish prejudice

5

from his counsel's failure to attend the presentence interview. A presentence interview is not a critical stage in the proceedings where the presence of an attorney is required. *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). Second, he claims his lawyer recommended telling the investigator about his substance abuse problem. Once again, Richardson fails to show he suffered any prejudice from the allegedly deficient advice. *Strickland*, 466 U.S. at 694.

### d. Sentencing

Richardson's arguments regarding his trial counsel's performance at sentencing similarly lack merit. Motion, Attachment at 6. Richardson first claims his attorneys failed to effectively argue: (1) for downward departure; (2) against upward departure; and (3) against special conditions of supervised release. Nevertheless, Richardson fails to point to any evidence not presented by his counsel that would have impacted his sentence. *See Jackson v. Roth*, 24 F.3d 1002, 1005 (7th Cir. 1994)(lawyers are not constitutionally required to pursue low-probability prospects in seeking reduction in client's sentence). Richardson next claims his attorneys failed to object when the court sentenced him without grouping counts. Richardson suffered no prejudice because the court grouped both counts in determining his sentence. *See Richardson*, 238 F.3d at 839 ("Richardson was convicted under both statutes but sentenced under the guideline applicable to the one carrying the heavier maximum penalty. That was proper under the guidelines' grouping rules, U.S.S.G. §§ 3D1.1, 3D1.3(a) . . ."). Finally, Richardson cannot establish prejudice from his lawyers' recommendation that he limit his allocution. Denial of the right to allocution is not a constitutional error that can be raised through a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962). In sum, Richardson has not shown the requisite prejudice to establish cause based on his appellate

counsel's alleged ineffectiveness. For the same reasons, Richardson also fails to show actual prejudice justifying the procedural default. *McCleese*, 75 F.3d at 1181.

B. **Fundamental Miscarriage of Justice**

Absent cause and prejudice, the court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). In pleading guilty, Richardson admitted the charged criminal behavior. Response, Exhibit C at 26-29. Therefore, no fundamental miscarriage of justice will result by the application of the procedural default rule.

II. **Hearing**

A § 2255 motion should be dismissed without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994). Richardson fails to allege facts that would, if proven, entitle him to relief. Therefore, an evidentiary hearing is unnecessary to decide this motion.

July 31, 2002

ENTER:

Suzanne B. Conlon
United States District Judge